The heirs of these daughters take a contingent remainder. The word "heirs," was maifestly not used in the sense of children. The daughters were quite young and had no children, nor have they yet. There was no one in whom the estate could vest, nor will there be until their deaths. This being so, it is impossible to terminate the trust during these daughter's lives, because there is no one to consent on behalf of the remainder-men.

The exceptors herein have not a vested estate, it is true, but, as next of kin, they are heirs presumptive or apparent, and have rights which the law ought to protect.

Isaac H. Kiersted was a trustee under this will, and as such an officer of this court, appointed for a specific and continuing purpose. Section 5809, Revised Statutes.

And had no right or authority to terminate this trust with the consent of Mrs. Kiersted and Mrs. Fletcher, and especially was he not authorized, as Mrs. Fletcher does not consent, and so states in writing.

It is therefore the finding of this court that the exceptions be sustained and a new trustee appointed, to whom the balance of the funds to wit, $14,430.27, will be given in trust, upon his qualifying and giving bond in the sum of $30,000.

Young & Young, for exceptors.

Murat W. Hopkins, of Indianapolis, for trustee.

---

(Cuyahoga County Common Pleas, 1901.)

MINNIE WACHS, ADMX., v. W. J. GAWNE et al.

---

To state a case of action for negligence, the plaintiff must allege facts showing such relation as entitled him to the exercise of care on the part of the defendant for personal safety. This puts the parties in jural relation. Next he must allege the negligence of the defendant, which is sufficiently and properly done by stating the act or omission of the act complained of and characterizing such act or omission as negligent. This constitutes the delict. Then there must be allegations which show that the injury, which must also be stated, is the result of the negligence stated in order to establish a nexus between the alleged negligence and the injury sustained.

The allegations in a petition, in an action to recover for loss of life alleged to have been caused as the result of negligence on the part of defendant, must be definite, affirmative and absolute, and it is not sufficient that the plaintiff should state facts that make it *probable* that the defendant is liable, although a statement of facts with the necessary inferences arising from the facts stated is sufficient, if it shows the liability.

A petition which not only fails to allege positively that an explosion and death were the results of negligences alleged, but fails to state the facts from which such condition is the necessary inference, and that there is no ground from which to infer that no other cause could have produced the explosion, is not sufficient. The petition in this case, after stating the negligencies, merely alleged that "the death of said August Wachs was caused wholly and solely through the negligence of the defendants," and is held to be insufficient.

Averments in a petiton which need not be denied or put in issue, or upon which an issue would be immaterial, may be stricken out on

Motion to strike out and to make definite. motion.

---

PHILLIPS, J. (orally.)

This action, or these actions, are to recover the value of a life or lives alleged to have been lost as the result of negligence on the part of the defendants.

It is so well known that I hardly need to state it, that, in an action for negligence, in order to state a right of action, the plaintiff must allege in his petition facts showing such relation between him and the defendant as entitle him to the exercise of care on the part of the defendant for his personal safety. Such allegation puts the parties in jural relation, so that one owes to the other a duty under the law, and the other is entitled to the exercise of a degree of care on the part of the former.

Next, the negligence of the defendant must be alleged, his failure to exercise the degree of care that belongs to the jural relation that has been stated. This is properly and sufficiently done by stating the act, or the omission of an act, complained of, and then characterizing the act or omission so stated as negligent. This constitutes the delict of the defendant.

Then there must be such allegations as show that the injury, which must also be stated, is the result of the negligence that has been stated. There must always be some allegation that makes a *nexus* between the alleged negligence and the injury sustained. Now, these are the elements of a cause of action for negligence.

This petition states such relation between the decedent and the defendants, as would,

under the law, entitle the decedent to the exercise of a degree of care on the part of the defendants, one or both. It is alleged that he was an employe of one of these defendants, and was put to work in a dangerous place. The petition alleges numerous acts and omissions of the defendants, characterizing them as negligent, and the injury that resulted in the death of the decedent is alleged; but there is confessedly in this, and in none of these petitions (I understand they are all alike, I have seen but this one), there is confessedly nowhere in this petition any allegation that any of the negligent acts or omissions stated caused the injury, caused the death. It seems that the pleader was careful not to state that. Near the close of the petition it says: "And the plaintiff says that the death of the said August Wachs was caused wholly and solely through the negligence of the defendants, their agents and servants superior to the said August Wachs, deceased, and without any negligence on the part of the said August Wachs."

Now, while these negligent acts and omissions asked to be stricken out may all or any of them, some of them at any rate, be sufficiently stated to show negligence of the defendants, a want of the exercise of the care to which the decedent was entitled from the defendants, the petition does not show that these negligences caused the death, that is, there is no allegation to that effect.

It is argued by counsel for the plaintiff that sufficient is alleged here to make it *probable* that some one or all of these negligent acts or omissions, neglects, caused the explosion and the death, and numerous authorities are cited in support of that proposition. I believe every one of the authorities cited relates to the *proof* that may be sufficient upon the trial of such causes. I think, without exception, the authorities all relate to the degree of proof, to what amount of proof on the part of the plaintiff will shift the burden to the defendant to show, if he can, that the accident was not the result of any of those causes made probable by the plaintiff's evidence.

The rule of evidence in such cases rests upon a very different principle from the rule of pleading. It is sufficient, as matter of evidence, that the party having the burden should make it *probable* that his claim is true. That makes the weight of the evidence; no greater degree of certainty is required than that. But this rule does not obtain as a rule of pleading. It is not sufficient as matter of pleading, that the plaintiff should state facts in his petition that make it *probable* that the defendant is liable. The allegations of the petition must be absolute; they must be definite, affirmative and absolute. The court cannot deal with inferences, except the inferences that *necessarily* arise from the facts stated. The rule is, facts must be stated positively. The effect of the pleading is not limited to the facts stated, *strictly,* but it is limited to the facts *stated,* and the necessary inferences arising from such facts as are stated absolutely. So that, a statement of facts in a pleading that creates merely a probability that something was so and so, falls short of the requirement. A statement of facts with the necessary inferences arising from those facts stated, is sufficient, if it shows the liability.

I think this petition not only fails to allege positively that the explosion and the death were the results of the negligences alleged here, (that is conceded), but it fails to state the facts from which such condition is the necessary inference. It does not even state, or show, that there is no ground from which to infer that some other cause could have produced the explosion. The allegations here do not exclude other possible or even probable causes. It seems to me, as has been stated in argument, that it would be entirely consistent with this pleading, with all its positive averments and all the necessary inferences therefrom, that this explosion was the result of some cause for which these defendants would not be responsible. It has been suggested that some workman might have lighted a match, or had one in his pocket that might have been lighted by accident, or a spark might have been thrown from some tool in use which might have hit against a stone, or from throwing some tool in a pile, a spark might have been produced that caused the explosion. It may not seem that such cause is as probable as the cause here relied on. We are not called upon to determine that question, yet it may arise in the trial of this case, if it comes to trial. These are probable causes, at least possible causes. It is sufficient to say that all the averments of this petition show nothing more than a probability, a mere probability, that the explosion was caused by some one or more of the negligent acts or omissions alleged in the petition. That it is not sufficient as matter of pleading.

Now, I don't want to be understood as holding that these negligences which are asked to be stricken out of the motion are not, or may not become, proper material in a petition of this character. We are confined now to this question on this motion. If we concede that they are proper with other averments, the fact is that the other averments which would make them material and proper are not here. These averments are foreign to it. They

have not been connected by proper averments in such way as to make them operative and material. They then can serve no purpose here; they need not be denied; they need not be put in issue; an issue upon them would be immaterial; they cannot be proved under this petition as it is now. Therefore, limiting this decision to this petition as it is, and this motion to strike out, I think the motion is well taken. These matters, so far as appears, are irrelevant. The motion to strike them out will be sustained. This case may, on trial in another court, come before another judge, and I want to be understood as passing upon this matter as it is now.

There is a motion to make the petition definite by stating in what manner the natural gas or fire damp became ignited so as to cause it to explode.

Gen. Meyer: "It was stated in the opening by Mr. Mooney, and also in the brief that if the motion to strike out is sustained, the other we do not care to press."

Judge Phillips: "I suppose the proper thing to do, would be to withdraw that motion."

Gen. Meyer: "Yes, sir."

Judge Phillips: The entry in each of these cases will be, motion to strike out parts of the petition sustained throughout. Motion to make the petition definite, withdrawn by leave of court.

Exception by plaintiff.

Foran McTige & Baker, for plaintiff.

Meyey & Mooney for defendants.